UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-12305-RGS

GREGORY SMITH

v.

TOWN OF BARNSTABLE, et al.

MEMORANDUM AND ORDER
ON VARIOUS DEFENDANTS'
MOTION TO DISMISS

April 27, 2020

STEARNS, D.J.

The motion to dismiss brought on behalf of Judge Kathryn Hand, District Attorney Michael O'Keefe, and Assistant District Attorneys Michael Patterson, Daniel Higgins, and Amanda Chavez, each sued in their individual and official capacities, is ALLOWED with prejudice. The motion to dismiss is also ALLOWED with prejudice as against former Executive Office of Public Safety Secretary Daniel Bennett in his official capacity, and further ALLOWED as to Bennett in his individual capacity without prejudice.

These are the only facts that need be known at this stage of the proceedings. This *pro se* civil rights complaint arose out of a domestic altercation between plaintiff Gregory Smith and his then girlfriend Jaclyn

Round. The melee resulted in criminal cross-complaints, the issuance by Judge Hand of a Chapter 209A abuse prevention order at Round's' request, and the eviction of Smith from the home he shared with Round. After Smith and Round invoked the Fifth Amendment and refused to testify in the ensuing criminal proceedings, the criminal complaints were dismissed.

Smith alleges civil rights violations, malicious prosecution, prosecutorial misconduct, and a violation of his Sixth Amendment right to a speedy trial against the District Attorneys in their oversight and conduct of the prosecution against him, and violations of due process allegedly committed by Judge Hand while she presided at the abuse prevention hearing. The claims, if any, against former Secretary Bennett are near impossible to discern from the Complaint.[1]

---

[1] A suit against a government official in his or her official capacity is the same as a suit "against [the] entity of which [the] officer is an agent." *Monell v. New York City Dep't of Soc. Servs*., 436 U.S. 658, 690 n.55 (1978). Under the Eleventh Amendment, a State, its agencies, and agency officials acting in their official capacities are not "persons" for purposes of the federal civil rights laws and therefore are not subject to suit for money damages in the federal courts without the State's consent or the abrogation of State sovereignty by Congress. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 65-67 (1989). The Commonwealth has not consented to being sued for money damages in either the federal courts or in its own courts under the Federal Civil Rights Act. *See Woodbridge v. Worcester State Hosp.*, 384 Mass. 38, 44-45 (1981). It is true that the Eleventh Amendment does not prohibit a suit against a State officer where a party seeks prospective equitable protection from a continuing violation of federal law. *See Green*

In her capacity as a judicial officer, Judge Hand enjoys absolute immunity while carrying out her judicial role. *Pierson v. Ray*, 386 U.S. 547, 553-554 (1967); *Stump v. Sparkman*, 435 U.S. 349, 355-356 (1978). Prosecutors are also immune from suit under the common law and the federal civil rights statutes while performing tasks that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (quasi-judicial immunity attaches to a prosecutor's decision to institute and maintain charges); *Chicopee Lions Club v. Dist. Atty. for the Hampden Dist.*, 396 Mass. 244, 252 (1985) (same). Even acts of misconduct that occur during the preparation and conduct of a prosecution are shielded by absolute immunity. See *Imbler*, 424 U.S. at 431 (presenting perjured trial testimony); *Moore v. Valder*, 65 F.3d 189, 194 (D.C. Cir. 1995) (concealing exculpatory evidence); *Reid v. New Hampshire*, 56 F.3d 332, 338 (1st Cir. 1995) (willful suppression of exculpatory evidence during an appeal). Finally, supervisory prosecutors have absolute immunity from claims of trial error attributed to inadequate supervision or training of their subordinates or deficiencies in their office information management systems. *Van de Kamp v. Goldstein*, 555 U.S. 335, 348-349

---

*v. Mansour*, 474 U.S. 64, 68 (1985). As Secretary Bennett is no longer in office, there is no relief of this type to be had from him.

(2009) (alleged mishandling and nondisclosure of *Giglio* information).

As nothing is alleged against Judge Hand or the prosecutors that does not relate directly to their official functions, there is no reason for the court to abstain and allow the litigation to proceed against these defendants in the normal course. "[B]ecause '[t]he entitlement is an *immunity from suit* rather than a mere defense to liability,' . . . we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in the litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (*per curiam*). "[T]he [immunity] defense is meant to give government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such *pretrial* matters as discovery.'" *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996).

ORDER

For the foregoing reasons, the motion to is ALLOWED. The Clerk will enter orders of dismissal as specified in paragraph one of this decision.

SO ORDERED.

/s/ Richard G. Stearns____________
UNITED STATES DISTRICT JUDGE