UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-12305-RGS

GREGORY SMITH

v.

TOWN OF BARNSTABLE, et al.

MEMORANDUM AND ORDER
ON PLAINTIFF'S MOTION TO RECONSIDER

May 20, 2020

STEARNS, D.J.

"The granting of a motion for reconsideration is "an extraordinary remedy which should be used sparingly.'" *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006), quoting 11 Charles Alan Wright, et al., *Fed. Practice and Procedure* § 2810.1 (2d ed. 1995).  "[A] party may not, on a motion for reconsideration, advance a new argument that could (and should) have been presented prior to the district court's original ruling." *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003).   The moving party must "'either clearly establish a manifest error of law or must present newly discovered evidence.'" *Pomerleau v. W. Springfield Pub. Sch.*, 362 F.3d 143, 146 n.2 (1st Cir. 2004), quoting *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992).   This brief statement of the law is of itself a sufficient

ground to deny the motion to reconsider.

I recognize that plaintiff's grievances are heartfelt and well-expressed in his pleadings. Out of respect, I offer the following further observations regarding the legal deficiencies of his complaint against the four remaining defendants.[1] As to Assistant District Attorneys Chavez and Higgins the allegation is that they approached the prosecution of plaintiff with an investigative bias towards female victims of domestic violence and, as a result, conducted an imperfect investigation that ignored exculpatory evidence that they should have discovered. Plaintiff is correct that a prosecutor's immunity is not boundless, as for example, when she inserts herself as a witness in a criminal proceeding. *See Kalina v. Fletcher*, 522 U.S. 118, 130 (1997). However, she is absolutely immune from liability for all "acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [her] role as an advocate for the State . . . ." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). These acts "include the professional evaluation of evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury

---

[1] Plaintiff concedes that Judge Hand enjoys absolute immunity for acts performed in her judicial capacity and is not, as I understand, pressing any case against her.

2

after a decision to seek an indictment has been made." *Id.* And it makes no difference that she does these things imperfectly or even unlawfully, say by concealing exculpatory evidence, *Moore v. Valder*, 65 F.3d 189, 194 (D.C. Cir. 1995), or by presenting perjured testimony at trial. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Nothing more is plausibly alleged against Chavez and Higgins.

As for District Attorney O'Keefe and Supervisory Assistant District Attorney Patterson, plaintiff's theory is no longer one of supervisory liability, "but rather in [their] long-term, continuing efforts to deliberately promote a gendered view of domestic violence and to actively advocate for adoption of customs and practices that reflect this bias withing the criminal justice system." Pl.'s Mot to Reconsider at 4 (Dkt #41). To the extent that that O'Keefe and Patterson have publicly advocated on behalf of women victims of domestic violence, any expression of such views is absolutely protected by the First Amendment.[2] As to whether an anti-male gender bias has been embedded in the Massachusetts criminal justice system, presumably by the Legislature and the state courts, is a matter of public policy that is beyond

---

[2] Patterson, for example, is cited for speaking at an event sponsored by defendant Independence House at which participants were invited to "speak out and act to prevent men's violence against women." Pl.'s Mot. at 7.

3

the discretionary authority of O'Keefe to correct as an elected District Attorney sworn to execute the laws.  As to former Secretary Bennet, the motion to reconsider adds nothing new.[3]

ORDER

For the foregoing reasons, the motion to reconsider is <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns_____
UNITED STATES DISTRICT JUDGE

---

[3] Bennet was dismissed from the case without prejudice.

4